# EXHIBIT B



# Service of Process Transmittal
06/24/2021
CT Log Number 539790417

| | |
|---|---|
| **TO:** | Todd Carlson, General Counsel<br>Knight Transportation, Inc.<br>20002 N 19th Ave<br>Phoenix, AZ 85027-4250 |
| **RE:** | **Process Served in Nevada** |
| **FOR:** | Knight Transportation, Inc.  (Domestic State: AZ) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | NANCY BELL BRIAN, etc. and THOMAS CHARLES OBRIAN, III, etc., Pltfs. vs. SUSANA HERNANDEZ-TORRES, etc., et al., Dfts. // To: KNIGHT TRANSPORTATION, INC. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # A21836425C |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/24/2021 at 10:00 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780132511015<br><br>Image SOP<br><br>Email Notification,  Todd Carlson  tcarlson@knighttrans.com<br><br>Email Notification,  Amanda Bravo  amanda.bravo@knighttrans.com<br><br>Email Notification,  Karl Woolsey  karl.woolsey@knighttrans.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>701 S. Carson Street<br>Suite 200<br>Carson City, NV 89701<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**CT**

# SERVICE TAKEN FOR:

# (KNIGHT TRANSPORTATION, INC)

Wolters Kluwer

SUMM
RAMZY P. LADAH, ESQ.
Nevada Bar No. 11405
DONALD P. PARADISO, ESQ.
Nevada Bar No. 12845
LADAH LAW FIRM
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorneys for Plaintiffs*

CASE NO: A-21-836425-C
Department 8

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| NANCY BELL OBRIAN, an individual; THOMAS CHARLES OBRIAN, III, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> SUSANA HERNANDEZ-TORRES, an individual; JORGE RODRIGUEZ-MARTINEZ, an individual; WILMER ANTONIO CRUZ-REYES, an individual; KNIGHT TRANSPORTATION, INC., a Foreign Corporation; DOES I through XX, inclusive; and ROE BUSINESS ENTITIES I through XX, inclusive, <br><br> Defendants. | CASE NO.: <br> DEPT. NO.: <br><br><br><br> **CIVIL SUMMONS** |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

### KNIGHT TRANSPORTATION, INC

1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you, exclusive of the day of service, you must do the following:
    a. File with the Clerk of the Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

Page 1 of 2

   b. Serve a copy of your response upon the attorney whose name and address is shown below.

 2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

 3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

 4. The State of Nevada, its political subdivisions, agencies, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Issued at the direction of:

**LADAH LAW FIRM**

*/s/ Ramzy Ladah, Esq.*
_____
**RAMZY PAUL LADAH, ESQ.**
Nevada Bar No.: 11405
**DONALD P. PARADISO, ESQ**
Nevada Bar No.: 12845
517 S. Third Street
Las Vegas, NV 89101
*Attorney for Plaintiff*

STEVEN D. GRIERSON
CLERK OF THE COURT

By: _____  6/17/2021
DEPUTY CLERK   Date
Regional Justice Center
200 South Third Street
Las Vegas, NV 89155
**Alisa-Mae Chapman**

Electronically Filed
6/17/2021 8:51 AM
Steven D. Grierson
CLERK OF THE COURT

**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**DONALD P. PARADISO, ESQ.**
Nevada Bar No. 12845
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorneys for Plaintiffs*

CASE NO: A-21-836425-C
Department 8

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| NANCY BELL OBRIAN, an individual; THOMAS CHARLES OBRIAN, III, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> SUSANA HERNANDEZ-TORRES, an individual; JORGE RODRIGUEZ-MARTINEZ, an individual; WILMER ANTONIO CRUZ-REYES, an individual; KNIGHT TRANSPORTATION, INC., a Foreign Corporation; DOES I through XX, inclusive; and ROE BUSINESS ENTITIES I through XX, inclusive, <br><br> Defendants. | CASE NO. _____ <br><br> DEPT. NO. _____ <br><br> **COMPLAINT** |

COME NOW the Plaintiffs NANCY BELL OBRIAN and THOMAS CHARLES OBRIAN, III, by and through their counsel of record, RAMZY LADAH, ESQ., and DONALD P. PARASIO, ESQ., with the LADAH LAW FIRM, and for their claims of relief against the Defendants, and each of them, allege and complain as follows:

### JURISDICTION

1. At all times relevant hereto, Plaintiff NANCY BELL OBRIAN ("NANCY") was and still is a resident of the Pennsylvania.

2. At all times relevant hereto, Plaintiff THOMAS CHARLES OBRIAN, III ("THOMAS") was and still is a resident of the Pennsylvania.

3. That upon information and belief, at all times relevant hereto, Defendant, SUSANA HERNANDEZ-TORRES ("HERNANDEZ-TORRES") was and still is a resident of the State of Nevada.

4. That upon information and belief, at all times relevant hereto, Defendant, JORGE RODRIGUEZ-MARTINEZ ("RODRIGUEZ-MARTINEZ"), was and still is a resident of the County of Clark, State of Nevada.

5. That upon information and belief, at all times relevant hereto, Defendant WILMER ANTONIO CRUZ-REYES ("CRUZ-REYES") was and still is a resident of the County of Clark, State of Nevada.

6. That upon information and belief, at all times relevant hereto, Defendant KNIGHT TRANSPORTATION, INC., was a Foreign Corporation duly licensed to conduct business in the County of Clark, State of Nevada.

7. That the true names and capacities of the Defendants DOES I through XX, inclusive, are unknown to Plaintiffs, who, therefore, sue said Defendants by said fictitious names. Plaintiffs are informed, believe, and thereon allege that each of the Defendants designated as DOES I through XX are owners, operators, and/or individuals or agencies otherwise within possession and control of the motor vehicle herein mentioned and/or are individuals otherwise within the flow of traffic as related hereto. Plaintiffs are informed, believe, and thereon allege that Defendants ROE BUSINESS ENTITIES I through XX, are owners of the motor vehicle herein alleged and/or are in some manner responsible for the actions of its employees and/or assigns of Defendants designated as ROE BUSINESS ENTITIES I through XX. Plaintiffs are informed, believe, and thereon alleges that each of the Defendants designated as a DOE or a ROE BUSINESS ENTITY is in some manner negligently, vicariously, statutorily, contractually, and/or otherwise responsible for the events and happenings referred to and caused damages proximately to Plaintiffs as herein alleged. Plaintiffs will ask leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

. . .

## GENERAL ALLEGATIONS

8. Plaintiffs repeat and reallege each and every fact and allegation contained in this Complaint and incorporate the same herein by reference as though fully set forth herein verbatim.

9. At all times relevant hereto, particularly on or about November 23, 2019, Plaintiff NANCY was operated her vehicle, lawfully on northbound on US95.

10. At all times relevant hereto, Plaintiff CHARLES was a restrained passenger in Plaintiff's vehicle.

11. At all times relevant hereto, Defendant HERNANDEZ-TORRES, who was operating a vehicle belonging to Defendant RODRIGUEZ-MARTINEZ, failed to keep a proper lookout and struck the rear of Plaintiff's vehicle.

12. The force of the collision caused Plaintiffs' vehicle to strike the rear of a third non-party vehicle.

13. At all times relevant hereto, Plaintiffs sustained significant injuries as a result of Defendant HERNANDEZ-TORRES's actions from the aforesaid collision.

14. At all times relevant hereto, particularly on or about December 25, 2019, Plaintiff CHARLES was operated Plaintiffs' vehicle, wherein Plaintiff NANCY was a passenger.

15. Plaintiffs were lawfully stopped for a solid red traffic signal on Berg Street at the intersection of Craig Road.

16. At all times relevant hereto, Defendant CRUZ-REYES, operating a vehicle owned by Defendant KNIGHT TRANSPORTATION, while in the course and scope of his employment for KNIGHT TRANSPORTATION, failed to keep a proper lookout and crashed into the rear of Plaintiffd' vehicle.

17. The force of the collision caused Plaintiffs' vehicle to strike the rear of a third non-party vehicle.

18. Plaintiffs sustained significant injuries as a result of Defendant CRUZ-REYES's actions and/or omissions from the aforesaid collision.

19. Due to Plaintiffs' multiple aforesaid collisions occurring within a short time period, Plaintiffs are unable to apportion their injuries and resulting damages severally amongst Defendants, and holds all named Defendants joint and severally responsible for their injuries and damages incurred from the aforesaid collisions.

**FIRST CAUSE OF ACTION**
**(Negligence / Negligence Per Se Against All Defendants)**

20. Plaintiffs repeat and reallege each and every fact and allegation contained in this Complaint and incorporate the same herein by reference as though fully set forth herein verbatim.

21. At all times relevant hereto, Defendants, each of them, negligently caused their respective vehicles to crash into Plaintiffs' vehicle, resulting in significant injuries to Plaintiffs.

22. At all times relevant hereto, Nevada Revised Statutes – more specifically, NRS 484B.600 and NRS 484B.603 *et seq.* - were designed and enacted to protect a class of persons, in particular motorists, to which Plaintiffs belonged, and Plaintiffs' damages were the type of harm the Nevada Revised Statutes were designed and enacted to prevent.

23. As a result of Defendants' aforesaid negligent actions and/or failures to act, Defendants violated Nevada Revised Statutes and are, therefore, negligent per se.

24. As a direct and proximate result of Defendants' aforesaid actions and omissions, Plaintiffs were injured in their health, strength, and activity, sustained injury to their body and shock and injury to their person, all of which has caused and will continue to cause Plaintiffs pain and suffering.

25. As a direct and proximate result of Defendants' aforesaid actions and omissions, Plaintiffs have incurred and continue to incur emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, medical expenses, and future medical expenses, all to Plaintiffs' general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

26. As a direct and proximate result of Defendants' aforesaid actions and omissions, it has been necessary for Plaintiffs to retain LADAH LAW FIRM to prosecute this action, and Plaintiffs are entitled to recover reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
(Negligent Entrustment / Joint & Several Liability / Agency
Respondeat Superior / Vicarious Liability)

27. Plaintiffs repeat and reallege each and every fact and allegation contained in this Complaint and incorporate the same herein by reference as though fully set forth herein verbatim.

28. At all times relevant hereto, Defendant, RODRIGUEZ-MARTINEZ, owned, maintained, and controlled the vehicle driven by Defendant, HERNANDEZ-TORRES.

29. At all times relevant hereto, Defendant, RODRIGUEZ-MARTINEZ, and/or his agents or assigns, negligently, carelessly, and recklessly allowed Defendant HERNANDEZ-TORRES to drive a vehicle owned/maintained by Defendant, RODRIGUEZ-MARTINEZ.

30. At all times relevant hereto, Defendant RODRIGUEZ-MARTINEZ and/or his agents or assigns, negligently, carelessly, and recklessly maintained and controlled its agents/assigns, thereby causing the subject accident.

31. As a direct and proximate result of the aforesaid acts and/or inactions of Defendant RODRIGUEZ-MARTINEZ and/or his agents or assigns were breaches of the duty of reasonable care owed by Defendants to the general public and, in particular, to Plaintiffs.

32. At all times relevant hereto, Defendant, KNIGHT TRANSPORTATION, owned, maintained, and controlled the vehicle driven by Defendant, CRUZ-REYES.

33. At all times relevant hereto, Defendant, KNIGHT TRANSPORTATION, and/or its agents or assigns, negligently, carelessly and recklessly allowed Defendant CRUZ-REYES to drive a vehicle owned/maintained by Defendant, KNIGHT TRANSPORTATION.

34. At all times relevant hereto, Defendant, KNIGHT TRANSPORTATION, and/or its agents or assigns, negligently, carelessly, and recklessly maintained and controlled its agents/assigns, thereby causing the subject accident.

35. As a direct and proximate result of the aforesaid acts and/or inactions of Defendant KNIGHT TRANSPORTATION and/or its agents or assigns were breaches of the duty of reasonable care owed by Defendants to the general public and, in particular, to Plaintiffs.

36. As direct and proximate result of Defendants' aforesaid actions, Plaintiffs were injured in their health, strength, and activity, sustained injury to their bodies and shock and injury to their person, all of which has caused and will continue to cause Plaintiffs pain and suffering.

37. As a direct and proximate result of Defendants' aforesaid actions, Plaintiffs have incurred, and continue to incur, property damage, loss of use, emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, medical expenses, future medical expenses, wage loss, and loss of future income potential all to Plaintiffs' general and special damages in an amount within fifteen thousand dollars ($15,000.00).

38. As a direct and proximate result of Defendants' aforesaid actions and omissions, it has been necessary for Plaintiffs to retain LADAH LAW FIRM to prosecute this action, and Plaintiffs are entitled to recover reasonable attorneys' fees and costs

## THIRD CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision and Policies/Procedures)

39. Plaintiffs repeat and reallege each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

40. Defendants, and each of them, acted negligently, among other reasons in failing to do the following:

    i. Establish and implement proper policies and procedures for employees, staff and agents working for Defendants;

    ii. Establish and implement proper policies and procedures for safely operating Defendants' vehicle(s);

    iii. Establish and implement proper policies and procedures for obeying the laws and rules of the road;

    iv. Properly, responsibly and prudently hire employees;

6

v. Properly, responsibly and prudently investigate employees before hiring them;

vi. Properly, responsibly and prudently supervise and/or manage employees once they were hired;

vii. Properly, responsibly and prudently train employees or instruct them as to their duties;

viii. Properly, responsibly and prudently monitor and regulate the conduct of employees;

ix. Properly, responsibly and prudently delegate driving responsibilities to employees, agents, DOE Defendants or ROE BUSINESS ENTITIES;

x. Properly, responsibly and prudently set up mechanisms to ensure that all Defendants' drivers are reasonably prudent to operate Defendants' vehicles on public roadways.

41. As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiffs were injured in their health, strength, and activity, sustaining shock and injury to their bodies and person, all of which have caused, and will continue to cause, the Plaintiffs physical, mental, and nervous pain and suffering.

42. As a result of Defendants' aforesaid negligent actions and/or failures to act, Plaintiffs have incurred expenses for medical care and treatment, expenses incidental thereto, lost wages, and loss of earning capacity, all to Plaintiffs' damage, the present amount of which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiffs' damage in a presently unascertainable amount. In this regard, Plaintiffs pray for leave of Court to insert all said damages herein when the same have been fully ascertained.

43. As a result of Defendants' aforesaid negligent actions, it has been necessary for Plaintiffs to retain LADAH LAW FIRM to prosecute this action, and Plaintiffs are entitled to recover reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs pray for relief against the Defendants, and each of them, for each cause of action as follows:

1. For general damages and loss in an amount in excess of $15,000.00;
2. For special damages in an amount in excess of $15,000.00;
3. For property damages;
4. Interest and costs incurred by the Plaintiffs in bringing these claims;
5. For attorney's fees and costs; and
6. For such other and further relief as the Court may deem just and proper.

DATED this 17th day of June, 2021.

**LADAH LAW FIRM**

*/s/ Donald P. Paradiso*

**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**DONALD P. PARADISO, ESQ.**
Nevada Bar No. 12845
517 S. Third Street
Las Vegas, NV 89101
*Attorneys for Plaintiffs*